# EXHIBIT A

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
Isabel Rose Masanque (SBN 292673)
isabelm@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
Tel: (415) 534-1911
Fax: (888) 422-5191

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/11/2026 11:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Cwikla, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DEVIN ROSE, an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMAZON.COM, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | **CLASS ACTION**  26STCV04698 <br><br> **CLASS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (FOR VIOLATIONS OF:** <br><br> (1) **THE FALSE ADVERTISING LAW (Business and Professions Code § 17500, et seq.,); and** <br> (2) **CALIFORNIA UNFAIR COMPETITION LAW, Cal. Bus. & Prof. Code §17200, *et seq.*** <br><br> **DEMAND FOR JURY TRIAL** |

Class Action Complaint

Plaintiff Devin Rose ("Plaintiff"), individually and on behalf of classes of similarly situated individuals (defined below), brings this action against Amazon.com, Inc. ("Amazon" and/or "Defendant") and Does 1 through 100 (collectively, "Defendants").

## INTRODUCTION

1.      Plaintiff, by and through counsel, brings this class action against Defendant to seek redress for its unlawful, unfair, and deceptive practices in administering and advertising its A-to-Z Guarantee program. Amazon represents that when an A-to-Z claim is approved, consumers will receive a full refund. In practice, Amazon has approved claims, instructed consumers to permanently dispose of their products, promised refunds, and then failed to issue payment.

2.      Amazon's A-to-Z Guarantee is marketed as a consumer protection program designed to ensure trust and confidence in purchases made through Amazon's marketplace. Reasonable consumers understand that an approved A-to-Z claim constitutes a final determination entitling them to a refund. Amazon reinforces this understanding through direct customer service communications confirming approval, refund eligibility, and instructions that returned merchandise is not required.

3.      Plaintiff's experience exemplifies Amazon's deceptive scheme. After purchasing a sofa through Amazon, Plaintiff submitted an A-to-Z Guarantee claim. Amazon approved the claim and expressly instructed Plaintiff that the sofa did not need to be returned and could be thrown away or donated. Plaintiff offered to allow Amazon or the seller to retrieve the sofa, but Amazon declined and assured Plaintiff that a full refund would be issued within days.

4.      Plaintiff reasonably relied on Amazon's representations and instructions. Acting as directed, Plaintiff disposed of the sofa and permanently relinquished possession of the product. Despite Amazon's approval of the claim and its express promise of a refund, no refund was issued.

5.      Months later, Plaintiff contacted Amazon again. A supervisor acknowledged the issue and promised to investigate and provide an update within two to three days. That follow-up never occurred. Amazon failed to respond to subsequent emails and has still not refunded Plaintiff, more than three months after approving the claim.

6.      Plaintiff's experience is not isolated. Plaintiff is informed and believes that numerous consumers have reported materially identical conduct by Amazon in connection with the A-to-Z

1

Class Action Complaint

Guarantee, including approved claims followed by instructions to discard products, promises of full refunds, prolonged delays, and ultimate nonpayment. These complaints demonstrate a pattern and practice of misleading representations and unfair conduct affecting consumers nationwide and in California.

7.     Amazon's representations regarding the A-to-Z Guarantee are material to consumers' purchasing and post-purchase decisions. Consumers cannot independently verify whether Amazon will honor an approved claim and must rely on Amazon's statements that refunds will be issued. By approving claims, directing disposal of goods, and failing to refund consumers as promised, Amazon engaged in conduct likely to deceive reasonable consumers.

8.     Amazon's conduct constitutes false advertising and unfair competition in violation of California Business and Professions Code sections 17500 et seq. and 17200 et seq. Amazon advertised and represented that approved A-to-Z Guarantee claims result in refunds, when in fact Amazon routinely fails to provide those refunds after inducing consumers to dispose of their property.

9.     As a direct and proximate result of Amazon's unlawful conduct, Plaintiff and members of the proposed Class suffered economic injury, including the loss of the purchase price of goods for which refunds were promised but never paid. Amazon has been unjustly enriched by retaining consumer funds while depriving Class members of both their products and their refunds. Plaintiff seeks restitution, injunctive relief, and other relief available under California law to remedy Amazon's deceptive practices and prevent their continuation.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action under California Code of Civil Procedure § 410.10.  The aggregated amount of damages incurred by Plaintiff and the Class exceeds the $25,000 jurisdictional minimum of this Court. The amount in controversy as to the Plaintiff individually and each individual Class member does not exceed $75,000, including interest and any pro rata award of attorneys' fees, costs, and damages.  Venue is proper in this Court under California Bus. & Prof. Code § 17203, Code of Civil Procedure §§ 395(a) and 395.5 because Defendants do business in the State of California and in the County of Los Angeles. Defendants have sold the

2

Class Action Complaint

Products in the County of Los Angeles which has caused both obligations and liability of Defendants to arise in the County of Los Angeles.

**PARTIES**

11.      Plaintiff is, and at all times alleged in this Complaint was, an individual and a resident of Studio City, California. Plaintiff makes his permanent home in California and intends to remain in California.

12.      Defendant Amazon.com, Inc. is a Delaware corporation and conducts substantial business in California, including operating the Amazon marketplace and administering the A-to-Z Guarantee program.

13.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to the Plaintiff, who therefore sues the Defendants by such fictitious names under the Code of Civil Procedure § 474.  Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court and/or amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES 1 through 100 when such identities become known.  Any reference made to a named Defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

14.      At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting with the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

15.      Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its

3

Class Action Complaint

conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## **<u>SUBSTANTIVE ALLEGATIONS</u>**

16.     Defendant markets, advertises, and administers the Amazon A-to-Z Guarantee as a core consumer protection feature of its online marketplace. Through its website, help pages, and customer service communications, Amazon uniformly represents that when an A-to-Z Guarantee claim is approved, the consumer will receive a full refund, regardless of whether the item is returned. These representations are material and are expressly set forth in Amazon's A-to-Z Guarantee terms and conditions. (*See Exhibit 2 – Amazon A-to-Z Guarantee Policy*.)

17.     Amazon reinforces these representations through direct, individualized communications with consumers after claims are approved. Amazon customer service agents routinely inform consumers that approved claims entitle them to a refund and that returned merchandise is unnecessary. In many cases, Amazon affirmatively instructs consumers to throw away or donate the product, representing that the refund will issue within days. (*See Exhibit 3 – October 9, 2025 Call Transcript*.)

18.     During the Class Period, Amazon lacked internal controls, systems, or intent sufficient to ensure that approved A-to-Z Guarantee refunds were actually issued after consumers disposed of their products. Instead, Amazon approved claims, induced consumers to relinquish possession of their goods, and then failed to process refunds, leaving consumers without both the product and their money.

19.     Plaintiff's experience is typical of the scheme. After purchasing a sofa through Amazon, Plaintiff submitted an A-to-Z Guarantee claim. Amazon approved the claim and expressly instructed Plaintiff that the sofa did not need to be returned and could be discarded or donated. Plaintiff offered to make the sofa available for pickup, but Amazon declined and promised a full refund within days. (*See Exhibits 1, 2, and 3*.)

20.     Relying on Amazon's representations and instructions, Plaintiff disposed of the sofa and permanently relinquished possession. Despite Amazon's approval of the claim and its express refund promise, Amazon failed to issue any refund. More than three months passed without

4

Class Action Complaint

payment. When Plaintiff followed up, an Amazon supervisor acknowledged the issue and promised to investigate, but never did so and never responded to subsequent emails. (*See Exhibits 3 and 4.*)

21.    Amazon's conduct is not isolated or accidental. Upon information and belief, Amazon employs standardized policies and customer-service practices under its A-to-Z Guarantee whereby claims are approved, consumers are instructed to discard or donate merchandise, and refunds are represented as approved or imminent, yet no payment is ultimately issued. Plaintiff's experience reflects a broader pattern of uniform conduct arising from Amazon's centralized control over the A-to-Z claims process.

22.    These public complaints echo the same core misrepresentations:

(a) that approval of an A-to-Z claim guarantees a refund;

(b) that consumers need not return or retain the product; and

(c) that refunds will be issued within a short, defined period.

In reality, Amazon routinely fails to honor these representations, rendering them false and misleading.

23.    Amazon's misrepresentations regarding the A-to-Z Guarantee are uniform, standardized, and centrally controlled. They arise from Amazon's written policies, scripted customer service communications, and common refund-processing systems. The truth or falsity of Amazon's representations can be determined on a classwide basis using common evidence, including Amazon's own policies, call transcripts, refund records, and internal procedures.

24.    Amazon's conduct constitutes false advertising in violation of California Business and Professions Code section 17500 because Amazon disseminates statements that approved A-to-Z claims will result in refunds, while failing to provide those refunds after inducing consumers to dispose of their property. Amazon's conduct also constitutes unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code section 17200. Amazon's practices offend established public policy, are immoral and unscrupulous, and cause substantial injury to consumers that is not outweighed by any countervailing benefit. Amazon's scheme allows it to unjustly enrich itself by retaining consumer payments after reclaiming or

5

Class Action Complaint

eliminating any obligation to recover the product. Once consumers discard the goods at Amazon's direction, Amazon effectively immunizes itself from return verification while avoiding payment of refunds it promised.

25.    As a direct and proximate result of Amazon's unlawful conduct, Plaintiff and Class members suffered economic injury, including the loss of the full purchase price of goods for which refunds were promised but never paid. Plaintiff and the Class seek restitution, injunctive relief requiring Amazon to honor approved A-to-Z claims, and all other relief available under California law.

**Consumer Reliance on Accurate Refund Representations and Post-Purchase Practices**

26.    Modern consumers rely on accurate and truthful representations not only at the point of sale, but also during post-purchase dispute resolution and refund processes. In e-commerce transactions, where consumers do not interact with sellers face-to-face and cannot independently enforce remedies, trust in a platform's advertised protection programs is essential. Programs such as Amazon's A-to-Z Guarantee are expressly designed to induce consumer confidence and reliance. Amazon capitalizes on this reliance by prominently advertising the A-to-Z Guarantee as a comprehensive consumer protection that ensures refunds when sellers fail to meet their obligations. Amazon represents that approved A-to-Z claims entitle consumers to reimbursement and that Amazon will resolve such disputes fairly and promptly. These representations are intended to assure consumers that Amazon stands behind marketplace purchases.

27.    Reasonable consumers, including Plaintiff and Class members, rely on Amazon's approval of A-to-Z claims as a final determination that a refund will be issued. Consumers further rely on Amazon's instructions regarding disposition of disputed items, particularly when Amazon expressly states that returns are unnecessary and directs consumers to discard or donate the merchandise. In Plaintiff's case and many others, Amazon instructed consumers to permanently relinquish possession of their property by throwing it away or donating it, while simultaneously assuring them that a full refund would be issued within days. These representations were material because disposal of the product is irreversible and eliminates any ability to return the item or mitigate

6

loss if the refund is not paid.

28.    In reality, Amazon frequently fails to issue refunds after approving A-to-Z claims and directing consumers to dispose of their goods. Consumers are left without both the product and the promised refund, despite having fully complied with Amazon's instructions. This disconnect between Amazon's representations and its actual practices demonstrates a systemic pattern of deception. The economic impact of Amazon's conduct is substantial. Consumers lose the full purchase price of goods they no longer possess, expend time and effort pursuing refunds through repeated customer service contacts, and suffer frustration and financial harm when Amazon ignores or delays resolution. These harms are foreseeable and directly attributable to Amazon's misleading representations regarding the A-to-Z Guarantee.

29.    Consumers cannot independently verify whether Amazon will honor an approved A-to-Z claim or whether a promised refund has actually been authorized internally. They must rely entirely on Amazon's statements that refunds are "approved," "processed," or "will be issued shortly." Amazon's superior knowledge and control over the refund process impose a heightened obligation to ensure that its representations are truthful and accurate.

30.    Upon information and belief, Amazon's conduct is widespread and recurring and numerous consumers report being told that their A-to-Z claims were approved, being instructed to discard their items, and then waiting months without receiving refunds. These complaints demonstrate that Amazon's practices are not isolated errors but part of a broader course of conduct affecting consumers nationwide and in California.

31.    Amazon's misrepresentations regarding the A-to-Z Guarantee were material to consumers' decisions to comply with disposal instructions and to forgo other protective measures. Had consumers known that Amazon routinely fails to issue refunds after claim approval, they would not have disposed of their property or would have taken steps to preserve evidence and retain possession of the goods.

32.    Amazon's uniform course of conduct—approving A-to-Z claims, directing disposal of goods, promising refunds, and then failing to pay—constitutes false advertising and unfair competition under California Business and Professions Code sections 17500 and 17200. These

7

practices are likely to deceive reasonable consumers and offend established public policy protecting consumers from deceptive business practices.

33.    As a direct and proximate result of Amazon's unlawful conduct, Plaintiff and members of the proposed Class suffered economic loss, including the loss of purchase prices for goods they no longer possess, as well as additional time and expense attempting to obtain refunds that were promised but never delivered. Amazon has been unjustly enriched by retaining these funds while depriving consumers of both their property and the protections it advertised.

**California Law Governing Consumer Advertising and Unfair Business Practices**

34.    California has enacted comprehensive statutory protections to ensure that consumers are not misled by false or deceptive business practices. The False Advertising Law ("FAL"), Business and Professions Code section 17500 et seq., and the Unfair Competition Law ("UCL"), Business and Professions Code section 17200 et seq., prohibit businesses from making untrue or misleading statements, omitting material facts, or engaging in unfair practices in connection with consumer transactions.

35.    These statutes apply broadly to all representations made to consumers, including statements made on websites, in help pages, in customer service communications, and in post-purchase dispute resolution programs. California law requires that such representations be truthful, accurate, and not likely to mislead a reasonable consumer acting under the circumstances.

36.    A representation need not be entirely false to be actionable under the FAL or UCL. It is sufficient that the statement is likely to deceive members of the public or create a misleading impression, particularly where the business possesses superior knowledge and consumers cannot independently verify the truth of the representation.

**Amazon's A-to-Z Guarantee Practices Violate California Law**

37.    Amazon's A-to-Z Guarantee is a core feature of its marketplace and is expressly advertised as a consumer protection program that ensures refunds when sellers fail to meet their obligations. Amazon represents, both in its written A-to-Z terms and through customer service representatives, that once a claim is approved, the consumer will receive a refund and that further

8

Class Action Complaint

action is not required. Amazon further represents that in certain circumstances, returns are unnecessary and that consumers may dispose of disputed items. These instructions are material because they require consumers to permanently relinquish possession of their property and eliminate the ability to return the item if the promised refund is not paid.

38.     In practice, Amazon routinely approves A-to-Z Guarantee claims, instructs consumers to discard or donate their products, and promises that refunds will be issued within days—only to delay, ignore, or entirely fail to issue payment. These representations are false and misleading because Amazon does not, in fact, reliably provide refunds after inducing consumers to dispose of their goods. Plaintiff's experience exemplifies this unlawful conduct. Amazon approved Plaintiff's A-to-Z claim, declined his offer to allow pickup of the sofa, instructed him to dispose of it, and promised a full refund. After Plaintiff complied and permanently relinquished the product, Amazon failed to issue any refund and ignored repeated follow-up communications.

39.     Upon information and belief, Amazon's conduct is widespread and systemic and numerous consumers report being told that their A-to-Z claims were approved, being instructed to throw away or donate items, and then waiting months—or indefinitely—without receiving refunds. These complaints demonstrate a common course of conduct and undermine any claim that Amazon's failure to pay refunds is accidental or isolated.

40.     Amazon's representations regarding the A-to-Z Guarantee are likely to deceive reasonable consumers. Consumers reasonably believe that an approved claim is final and that Amazon will honor its promise to refund the purchase price. Consumers have no ability to independently verify Amazon's internal refund processing and must rely entirely on Amazon's statements.

41.     Amazon's conduct violates the False Advertising Law because it represents that approved A-to-Z Guarantee claims result in refunds, when in fact Amazon frequently fails to provide those refunds after inducing irreversible consumer reliance. These representations are untrue or misleading and are made for the purpose of inducing compliance and reducing Amazon's return and logistics costs. Amazon's conduct also violates the Unfair Competition Law. It is unlawful because it violates the FAL; unfair because it places consumers at a significant disadvantage by inducing

9

Class Action Complaint

them to dispose of their property before payment; and fraudulent because it is likely to deceive the public regarding the nature and reliability of the A-to-Z Guarantee.

42.    Amazon's practices offend established public policy favoring honest dealing and fair consumer remedies. By approving claims, authorizing disposal of goods, and then withholding refunds, Amazon shifts the risk of its own refund failures onto consumers while retaining the purchase price.

43.    Amazon has been unjustly enriched by these practices. It retains consumer funds while consumers are left without both their property and the promised refund. Equity and good conscience require restitution of all amounts wrongfully retained as a result of Amazon's misleading A-to-Z Guarantee representations.

44.    Accordingly, Amazon's conduct constitutes unlawful, unfair, and fraudulent business practices in violation of Business and Professions Code sections 17200 et seq. and 17500 et seq. Plaintiff and the Class seek restitution, injunctive relief requiring Amazon to honor approved A-to-Z claims, and all other relief available under California law.

**Defendant Intends to Continue to Misrepresent the A-to-Z Guarantee While Failing to Provide Promised Refunds**

45.    Amazon's misrepresentations regarding the A-to-Z Guarantee are not isolated mistakes, but part of a deliberate and ongoing business strategy designed to increase consumer trust, reduce return and logistics costs, and retain purchase funds. By advertising the A-to-Z Guarantee as a reliable refund protection and approving claims without actually issuing refunds, Amazon induces consumers to complete purchases and comply with irreversible disposal instructions they would not otherwise accept.

46.    Defendant engaged in the practices complained of herein to advance its private economic interests, including:

(i) encouraging consumers to purchase from third-party sellers by falsely assuring them that Amazon will stand behind those transactions;

(ii) reducing costs associated with return shipping, storage, and reverse logistics by

Class Action Complaint

instructing consumers to discard or donate products; and

(iii) retaining consumer funds after approved claims by delaying, ignoring, or denying refunds once the product has been permanently relinquished.

47.     Amazon is aware that consumers place significant trust in the A-to-Z Guarantee and rely on Amazon's approval of claims as a final determination. Amazon exploits this reliance by approving claims and directing disposal of goods, while failing to ensure that refunds are actually processed and paid. This practice shifts the financial risk of nonpayment entirely onto consumers, who are left without both their property and their money.

48.     Public consumer complaints demonstrate that Amazon continues to engage in the same conduct nationwide and in California. Consumers repeatedly report approved A-to-Z claims, instructions to discard items, promises of refunds "within days," and prolonged nonpayment. These complaints place Amazon on notice that its A-to-Z refund representations are misleading and that consumers are being harmed.

49.     Despite this notice, Amazon has not modified its A-to-Z Guarantee representations, customer service scripts, or refund practices. Amazon continues to market the A-to-Z Guarantee as a dependable consumer protection while failing to ensure that approved claims result in timely refunds. Amazon's refusal to correct these practices makes it likely that Plaintiff and Class members will continue to suffer harm absent injunctive relief.

50.     Plaintiff desires to continue purchasing goods through online marketplaces that provide truthful consumer protection programs and honor approved refunds. However, without an injunction requiring Amazon to accurately represent the operation of the A-to-Z Guarantee and to issue refunds after approving claims, Plaintiff and the Class cannot reasonably rely on Amazon's representations. Amazon's ongoing conduct presents a real and immediate threat of repeated future injury.

## PLAINTIFF'S EXPERIENCES

51.     On or about June 7, 2025, Plaintiff Devin Rose purchased a modular sectional sofa through Defendant's online marketplace for delivery to his residence in Los Angeles County,

11

Class Action Complaint

California. The total purchase price, including tax, was $581.66. *See Exhibit 1 (Amazon Order Details)*.

52.    After receiving the sofa, Plaintiff experienced issues that rendered the product unacceptable. Plaintiff attempted to resolve the matter through Amazon's standard customer service process and ultimately submitted a claim under Amazon's A-to-Z Guarantee, relying on Amazon's representations that the program protects consumers when sellers fail to meet their obligations.

53.    Amazon approved Plaintiff's A-to-Z Guarantee claim and expressly represented that Plaintiff was entitled to a full refund. During communications with Amazon customer service, Plaintiff offered to make the sofa available for return or pickup. Amazon declined that offer and instructed Plaintiff that return shipping was not required. Instead, Amazon explicitly told Plaintiff that he could throw the sofa away or donate it and that a full refund would be issued within a few days. *See Exhibit 2 (Amazon A-to-Z Guarantee Terms); Exhibit 3 (October 9, 2025 Call Transcript)*.

54.    Plaintiff reasonably relied on Amazon's approval of the claim and its express instructions. Acting exactly as Amazon directed, Plaintiff disposed of the sofa and permanently relinquished possession of the product. Once the sofa was discarded, Plaintiff had no ability to return it, recover it, or otherwise mitigate his loss.

55.    Despite Amazon's approval of the A-to-Z claim and its repeated assurances that a refund was forthcoming, Amazon failed to issue any refund. Weeks passed with no payment. More than three months later, Plaintiff still had not received the promised refund for the sofa he no longer possessed.

56.    Plaintiff contacted Amazon again to inquire about the missing refund. He spoke with another Amazon representative and was escalated to a supervisor. The supervisor acknowledged the issue and stated that he would investigate and provide an update within two to three days. Plaintiff requested written confirmation and asked the supervisor to follow up by email. *See Exhibit 3*.

57.    Amazon failed to follow through on those representations. The supervisor never contacted Plaintiff, never provided an update, and never issued the promised refund. Plaintiff subsequently sent at least two follow-up emails seeking clarification and resolution, which Amazon ignored. *See Exhibit 4 (Plaintiff's Follow-Up Emails)*.

12

Class Action Complaint

58.    Plaintiff later learned that his experience was not isolated. On information and belief, Amazon's A-to-Z Guarantee is administered through centralized policies and standardized customer-service scripts that result in the approval of claims, instructions to discard merchandise, assurances of refund issuance, and subsequent nonpayment, affecting Plaintiff and other similarly situated consumers in a uniform manner.

59.    Plaintiff's payment for the sofa and subsequent disposal of the product were not voluntary in any legally meaningful sense. Plaintiff did not choose to relinquish the product or forgo a refund. Rather, Plaintiff acted solely in reliance on Amazon's express approval of his A-to-Z Guarantee claim and Amazon's explicit instructions that return was unnecessary and that a full refund would be issued within days. Amazon exercised superior knowledge, control, and authority over the A-to-Z Guarantee process. Plaintiff had no ability to independently verify Amazon's internal refund approval, processing status, or intent to pay. Plaintiff reasonably relied on Amazon's representations that the claim was approved, that disposal was authorized, and that payment was guaranteed. Plaintiff's disposal of the sofa was not the result of free choice, mistake, or negligence. It was induced by Amazon's affirmative statements and directives, which left Plaintiff with no reason to believe that retaining the product was necessary or prudent. Plaintiff expressly offered to allow Amazon or the seller to retrieve the sofa, and Amazon rejected that option. Plaintiff did not voluntarily assume the risk of nonpayment; Amazon unilaterally shifted that risk to Plaintiff through misleading representations and instructions that eliminated Plaintiff's ability to protect himself once the product was discarded.

60.    Plaintiff relied on Amazon's representations that an approved A-to-Z Guarantee claim results in a refund and that Amazon's instructions regarding disposal of goods could be trusted. Had Plaintiff known that Amazon frequently fails to issue refunds after approving claims and directing consumers to dispose of their property, Plaintiff would not have discarded the sofa and would have taken steps to preserve the item and protect himself from loss.

61.    Plaintiff desires to continue purchasing goods through online marketplaces that provide truthful consumer protection programs and honor their refund commitments. Plaintiff would consider purchasing through Amazon in the future only if Amazon were required to accurately

13

Class Action Complaint

represent the operation of its A-to-Z Guarantee and to honor approved claims by issuing timely refunds. Absent injunctive relief, Plaintiff cannot reasonably rely on Amazon's representations regarding post-purchase protections.

62.    As a direct and proximate result of Amazon's unlawful conduct, Plaintiff suffered economic injury, including the loss of the full purchase price of the sofa. Plaintiff paid for goods he no longer possesses and never received the refund Amazon promised. Amazon has been unjustly enriched by retaining Plaintiff's funds while depriving him of both the product and the benefit of the A-to-Z Guarantee it advertised.

## CLASS ACTION ALLEGATIONS

63.    Plaintiff brings this action under Code of Civil Procedure §382, as an individual and on behalf of all other persons similarly situated.  The putative class that Class Representative seeks to represent is composed of: All persons in the State of California who, during the applicable limitations period, submitted an Amazon A-to-Z Guarantee claim that was approved by Amazon, were instructed by Amazon to dispose of, donate, or otherwise not return the purchased item, and were promised a refund that was not timely or fully issued (hereinafter the "Class").

64.    Excluded from the Class are the natural persons who are directors, and officers, of the Defendants.  Class Representative expressly disclaims that he is seeking a class-wide recovery for personal injuries attributable to Defendants' conduct.

65.    The members of the Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

66.    Plaintiff's claims are typical of the claims of the members of the Class. All Class members were subjected to the same deceptive course of conduct by Amazon, including approval of A-to-Z Guarantee claims, instructions to dispose of purchased items, promises that refunds would be issued, and Amazon's subsequent failure to provide those refunds. Plaintiff's injuries arise from the same practices and are based on the same legal theories as those of the Class.

67.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's

14

Class Action Complaint

interests are aligned with Class members' interests because they were subject to the same deceptive course of conduct by Amazon regarding the A-to-Z Guarantee representations. Plaintiff has also retained competent counsel with significant experience litigating complex class actions.

68.    Defendants have acted in a manner that applies generally to Plaintiff and all Class members. Each Class member has been similarly impacted by Defendants' A-to-Z Guarantee representations, customer service scripts, approval determinations, and refund practices. Defendant's uniform representations and conduct were directed to the public at large and caused common types of injury, including financial loss.

69.    Common questions of law and fact predominate over questions affecting individual Class members. The common questions of fact and law include:

(a)    Whether Amazon represented that approval of an A-to-Z Guarantee claim entitles consumers to a refund;

(b)    Whether Amazon instructed Plaintiff and Class members to dispose of, donate, or otherwise not return purchased items after approving A-to-Z claims;

(c)    Whether Amazon's representations regarding the operation and reliability of the A-to-Z Guarantee were false, misleading, or likely to deceive reasonable consumers;

(d)    Whether Amazon failed to issue refunds after approving A-to-Z Guarantee claims and directing consumers to relinquish their property;

(e)    Whether Amazon's A-to-Z Guarantee representations and instructions were material to consumers' decisions to dispose of their products and forgo other protective measures;

(f)    Whether Amazon's conduct constitutes unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code sections 17200 et seq. and 17500 et seq.; and

(g)    Whether Plaintiff and Class members are entitled to damages, restitution, disgorgement, statutory penalties, or injunctive relief as a result of Defendant's conduct.

70.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The individual prosecution of separate actions by individuals would lead to repetitive adjudication of common questions of fact and law and create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants. There will be no difficulty in the management of this action as a class action.

15

Class Action Complaint

71.     Proper and sufficient notice of this action may be provided to the Class members through direct mail.

72.     Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class. Absent certification of this action as a class action, Class Representative and the members of the Class will continue to be deceived by Defendants' false advertising and representations.

## CAUSES OF ACTION

73.     Plaintiff does not plead, and hereby disclaims, any independent cause of action under federal statutes or regulations except to the extent they are expressly invoked herein. Plaintiff brings this action solely pursuant to California statutory and common law, including the Unfair Competition Law (Business & Professions Code § 17200 et seq.) and the False Advertising Law (Business & Professions Code § 17500 et seq.). Any reference to federal standards, policies, or regulatory principles—including those governing deceptive business practices or consumer refunds—is made only to the extent such standards inform, parallel, or reinforce the requirements imposed by California law. Plaintiff seeks relief exclusively under California statutes and equitable principles applicable in California state courts.

**FIRST CAUSE OF ACTION**
**Violation of the False Advertising Law**
**[Business And Professions Code Section 17500, Et Seq.]**
**(Against all Defendants)**

74.     Plaintiff and the Class hereby incorporate by reference all previous paragraphs of this Complaint as if fully set forth herein and further alleges as follows.

75.     At all times relevant, including within four (4) years prior to the filing of this action, Defendant engaged in a systematic course of false and misleading advertising in violation of California Business and Professions Code section 17500 by disseminating untrue and deceptive statements in connection with the sale, delivery, and refund of consumer goods sold through Amazon's online marketplace.

16

Class Action Complaint

76. Defendant expressly represented to Plaintiff and other California consumers that certain products—including the sofa purchased by Plaintiff—were protected by Amazon's A-to-Z Guarantee, which promised that consumers would receive a full refund if an item was defective, not as described, or otherwise eligible under the program's terms. Defendant further represented that once an A-to-Z claim was approved, consumers would not bear any further responsibility for the product or its disposition. These representations are reflected in Defendant's written A-to-Z Guarantee terms and customer-service communications, attached as *Exhibits 2 and 3*.

77. Defendant's advertising and representations were false and misleading when made. Although Defendant informed Plaintiff that his A-to-Z claim had been approved and expressly instructed him that he could discard or donate the sofa and that a full refund would be issued within days, Defendant failed to provide the promised refund—despite Plaintiff's full compliance with Defendant's instructions and reliance on its assurances. *See Exhibit 3 (Call Transcript dated October 9, 2025)*.

78. Defendant's statements created the false impression that: (a) approval of an A-to-Z claim guaranteed prompt issuance of a refund; (b) consumers could safely dispose of the product without jeopardizing their refund; and (c) Defendant would honor its written A-to-Z Guarantee commitments. In reality, Defendant routinely failed to issue refunds even after approving claims and directing consumers to relinquish possession of the product, rendering the guarantee illusory.

79. Defendant further omitted material facts from its advertising and consumer communications, including that:

(a)    approved A-to-Z claims were frequently not paid;

(b)    consumers who disposed of products at Amazon's direction risked permanent loss of both the product and the purchase price; and

(c)    Amazon maintained internal practices that allowed refunds to be indefinitely delayed, denied, or ignored without notice to the consumer.

80. Defendant's false and misleading representations were not isolated incidents. Plaintiff alleges on information and belief that there have been numerous consumer complaints

17

Class Action Complaint

reporting materially identical experiences—approved A-to-Z claims, instructions to discard items, and months-long or permanent nonpayment of refunds, demonstrating a widespread and ongoing pattern of deception affecting California consumers.

81.    Plaintiff and the Class reasonably relied on Defendant's advertising and representations regarding the A-to-Z Guarantee. Plaintiff disposed of the sofa only because Defendant affirmatively instructed him to do so and assured him that a full refund was forthcoming. Had Plaintiff known that Defendant would not honor its refund promise, he would not have relinquished the product and would have pursued alternative remedies.

82.    Defendant's acts and omissions were likely to deceive, and did deceive, reasonable members of the general public. Defendant's status as a dominant online retailer, combined with the authoritative presentation of the A-to-Z Guarantee as a consumer-protection program, enhanced the deceptive impact of its representations.

83.    Defendant engaged in the foregoing false advertising practices with the intent to increase sales, reduce refund payouts, and retain consumer funds to which it was not entitled. By advertising a guarantee it did not consistently honor, Defendant obtained an unfair financial advantage over competitors that accurately disclose and comply with their refund obligations.

84.    As a direct and proximate result of Defendant's false advertising, Plaintiff and Class members suffered injury in fact and lost money and/or property, including but not limited to the purchase price of undelivered or refunded goods, consequential financial harm, and loss of the product itself. Plaintiff's damages and those of the Class will be proven at trial.

85.    Defendant's conduct constitutes false advertising within the meaning of Business and Professions Code section 17500 because Defendant knowingly or negligently made statements that were untrue or misleading and that were disseminated to the public for the purpose of inducing purchases and deterring refund demands.

86.    Plaintiff seeks restitution on behalf of himself and the Class of all monies wrongfully obtained or retained by Defendant as a result of the false advertising described herein, together with pre- and post-judgment interest as permitted by law.

Class Action Complaint

87.    Plaintiff further seeks a declaration that Defendant's acts and practices constitute false, misleading, and deceptive advertising in violation of the False Advertising Law.

88.    Plaintiff also seeks injunctive relief prohibiting Defendant from continuing to:

(a) advertise or represent that its A-to-Z Guarantee provides assured refunds when it does not;

(b) instruct consumers to dispose of products before refunds are issued; and

(c) delay, deny, or ignore refunds after claims have been approved.

Absent injunctive relief, Defendant will continue to mislead California consumers and retain funds through unlawful means.

## SECOND CAUSE OF ACTION
### (Unlawful, unfair, and fraudulent trade practices violation of
### Bus. & Prof. Code §17200, *et seq.*)
(Against All Defendants)

89.    Plaintiff repeats and realleges every allegation set forth in the preceding paragraphs.

90.    Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendant has engaged, and continues to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the unlawful, unfair, and fraudulent business practices outlined in this Complaint.

91.    Defendant's conduct is unlawful within the meaning of the UCL because it violates the False Advertising Law (Bus. & Prof. Code § 17500 et seq.) and California's public policy requiring truthful representations and fair refund practices in consumer transactions.

92.    Defendant falsely represented that its A-to-Z Guarantee provided consumers with reliable protection and prompt refunds when claims were approved, while in practice failing to issue refunds even after expressly approving claims and instructing consumers to discard or donate the purchased products. These false representations constitute predicate violations supporting UCL liability.

93.    Defendant's conduct is unfair within the meaning of section 17200. Defendant's practice of approving A-to-Z Guarantee claims, directing consumers to relinquish possession of their products, and then withholding refunds for months or indefinitely causes substantial consumer

19

Class Action Complaint

injury that consumers cannot reasonably avoid and that provides no countervailing benefit to consumers or competition.

94.    Defendant's unfair practices include, without limitation:

(a) approving refund claims while failing to issue payment;

(b) instructing consumers to dispose of products before refunds are processed;

(c) failing to provide written confirmation, refund timelines, or meaningful follow-up; and

(d) ignoring subsequent consumer inquiries and complaints.

These practices are documented by Plaintiff's order records and Amazon customer-service communications, including the October 9, 2025 call transcript attached as *Exhibit 3*.

95.    Defendant's conduct is fraudulent within the meaning of the UCL because it was likely to deceive reasonable consumers. Defendant's written A-to-Z Guarantee and oral customer-service representations conveyed that refund approval guaranteed payment and that consumers could safely dispose of the product without risk. These representations were false or misleading.

96.    Defendant's fraudulent practices are further demonstrated by the standardized manner in which Plaintiff's A-to-Z Guarantee claim was handled, including approval of the claim, instructions to dispose of the product, repeated assurances that a refund would be issued, and prolonged nonpayment. On information and belief, this sequence reflects a systemic breakdown or deliberate practice within Amazon's A-to-Z Guarantee process rather than an isolated error.

97.    Plaintiff and members of the Class reasonably relied on Defendant's unlawful, unfair, and fraudulent practices. Plaintiff disposed of the sofa solely because Defendant informed him that his claim was approved and that a full refund would be issued within days. Had Plaintiff known the refund would not be honored, he would not have relinquished the product and would have pursued alternative remedies.

98.    Defendant's acts and omissions were likely to deceive, and did deceive, members of the general public acting reasonably under the circumstances. Defendant's dominance in e-commerce and the authoritative presentation of the A-to-Z Guarantee magnified the deceptive impact of its conduct.

20

Class Action Complaint

99.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class suffered injury in fact and lost money and/or property, including the full purchase price of products for which refunds were promised but never issued, as well as consequential financial harm. Defendant has been unjustly enriched by retaining consumer funds obtained through unlawful, unfair, and fraudulent practices, in amounts to be proven at trial.

100.    Plaintiff seeks equitable relief on behalf of himself and the Class, including restitution of all monies wrongfully obtained or retained by Defendant as a result of the challenged conduct. Plaintiff and the Class lack an adequate remedy at law to recover these losses or to halt Defendant's ongoing misconduct. Plaintiff further seeks injunctive relief prohibiting Defendant from continuing to misrepresent the nature, reliability, and operation of its A-to-Z Guarantee, including prohibiting Defendant from instructing consumers to dispose of products before refunds are actually issued. Plaintiff seeks a declaration that Defendant's conduct as alleged constitutes unlawful, unfair, and fraudulent business practices in violation of Business and Professions Code section 17200. Unless enjoined by this Court, Defendant will continue to engage in the challenged conduct, causing ongoing harm to California consumers. Injunctive relief is therefore necessary to protect the public and to ensure Defendant's future compliance with California law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class respectfully request that the Court enter judgment against Defendants as follows:

A. A determination that this action is a proper class action under Code of Civil Procedure §382, certifying Plaintiff as Class representative, and appointing the undersigned counsel as Class counsel;

B. An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. An award of compensatory damages in an amount to be determined at trial, except for those causes of action where compensatory damages are not legally available;

D. An award of statutory damages in an amount to be determined at trial, except for those causes of action where statutory damages are not legally available;

21

Class Action Complaint

E. An award of punitive damages in an amount to be determined at trial, except for those causes of action where punitive damages are not legally available;

F. An award of treble damages, except for those causes of action where treble damages are not legally available;

G. An award of restitution in an amount to be determined at trial;

H. An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I. For reasonable attorneys' fees and the costs of suit incurred; and

J. For such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff and the Class demand a trial by jury on all issues so triable as a matter of right.

**POTTER HANDY LLP**

/s/ James M. Treglio

Dated: February 12, 2026                    By: _____

Mark D. Potter, Esq.
James M. Treglio, Esq.
Isabel Rose Masanque, Esq.
Attorneys for the Plaintiff and the Class

22

Class Action Complaint

**Exhibit 1**

Your Account › Your Orders › Order Details

# Order Details

Order placed June 7, 2025　│　Order # 111-1030419-3249803

View invoice

---

**Ship to**

Devin Rose

███████████████

United States

**Payment method**

 Visa ending in 9910

View related transactions

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $529.99 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $529.99 |
| Estimated tax to be collected: | $51.67 |
| **Grand Total:** | **$581.66** |

---

**Return request approved**

The seller has approved your return request.

 URRED Modular Sectional Sofa Comfy Cloud Couch, Modern Chenille Sofa Sleeper Deep Seat Couches with Ottoman/Pillows for Living Room (Blue, 82.6"- L Shape)

Sold by: URRED

Supplied by: Other

$529.99

⟳ Buy it again　　View your item

View return label & instructions

Problem with order

View return/refund status

Write a product review

**Exhibit 2**



**Help & Customer Service**

‹ All Help Topics

**A-to-z Guarantee**

Request an A-to-z Guarantee
Refund

View Your A-to-z Refund
Claim Status

Cancel or Reverse an A-to-Z
Guarantee Refund

Appeal a Denied A-to-z
Guarantee Refund

**A-to-z Guarantee**

A-to-z Claims Process Terms
and Conditions

A-to-z Guarantee for
Property Damage and
Personal Injury

**Quick solutions**

Your Orders
Track or cancel orders

Returns & Refunds
Exchange or return
items

Manage Prime
Cancel or view
benefits

Payment Settings
Add or edit payment
methods

Carrier Info
Shipping carrier
information

Account Settings
Change email or
password

**Find more solutions**

Ordering › Ordering From Third-Party Sellers › A-to-z Guarantee ›

## A-to-z Guarantee

The A-to-z Guarantee protects you when you buy items sold and fulfilled by a third-party seller who provides their own customer service directly to you. It covers both the timely delivery and condition of your items. You can make a claim directly to Amazon, and our team will check if you're eligible for a refund.

### Contents

- Check your Eligibility to Request an A-to-z Guarantee Refund
- A-to-z Guarantee Eligibility for Delivery and Item Condition Issues
- A-to-z Guarantee Refund Amounts for Delivery and Item Condition Issues

### Check your Eligibility to Request an A-to-z Guarantee Refund

If the following conditions apply, you can request a refund under the A-to-z Guarantee:

- You ordered from a Marketplace Seller
- **AND** the last possible delivery date of your order is 90 days or less
- **AND** at least one of the conditions listed on the next section applies.

### A-to-z Guarantee Eligibility for Delivery and Item Condition Issues

**1. You haven't received your package.**

- Three days have passed since the latest estimated delivery date
- **OR** the tracking shows a delivery confirmation (whichever is sooner)
- **AND** you have contacted the Seller more than 48 hours ago but they did not respond or resolve the issue.

**2. The item you received is damaged, defective, or not as described.**

- **AND** you have requested a return more than 48 hours ago and the seller hasn't authorized your return request.

**3. You wanted to return an item bought from an international seller but the seller didn't provide one of the following:**

- A return address within the United States
- A prepaid return label
- A full refund of the item without return

**Note:** For authorized returns with an international return address, allow the seller two days before requesting an A-to-z Guarantee.

**4. You wanted to return an item but the return request was closed / not authorized by the seller.**

- **OR** the return was authorized but a prepaid return label with invalid tracking ID was provided.

**5. You returned an item in line with Our Return Policies, but you haven't received the expected refund.**

- Seven days have passed since the return was delivered to the seller.
- The return with label provided by seller was lost, is undeliverable, or is being returned to you.

**6. You were charged extra (for example, by Customs authorities for a shipment sent internationally) and the seller didn't cover those costs.**

### A-to-z Guarantee Refund Amounts for Delivery and Item Condition Issues

The refund amount you're entitled to receive from a seller is listed in the following table if you:

- Request a return within 30 days of the delivery date of the item.
- Request a return before the end of the extended return period for orders placed during the Christmas period.
- Return the item within 14 days after you've initiated the return through the Online Returns center.

| Reason for return | Product cost | Original shipping cost | Return shipping cost |
|---|---|---|---|
| Item is damaged, defective, or materially different from what you ordered | Yes | Yes | Yes |
| Any other reason (restocking fees may be deducted from the total refund) | Yes | No | No |
| Any other reason (if Clothing, Shoes, Jewelry, and Watches) | Yes | Yes | Yes (if in line with return policies on Free Returns on Fashion Items) |

**Note:**

- If you request a refund or chargeback from your payment provider, you're not eligible for a refund through A-to-z Guarantee.
- The A-to-z Guarantee doesn't cover digital items, services, stored value instruments, Spot Buys or automobiles.
- The A-to-z Guarantee only applies when you buy items sold and fulfilled by a third-party seller. For items sold by Amazon Global Store and for Marketplace items delivered using Prime, contact us. For items bought on third-party sites using Amazon Pay, go to Amazon Pay help.
- For claims covering property damage or personal injury, go to A-to-z Guarantee claims for Property Damage and Personal Injury.

### Recommended Help Topics

- Request an A-to-z Guarantee Refund
- View Your A-to-z Refund Claim Status
- Cancel a Request for A-to-z Guarantee Refund
- Appeal a Denied A-to-z Guarantee Refund
- A-to-z Guarantee for Property Damage and Personal Injury

Was this information helpful?

Yes    No



# Exhibit 3

| time | name | content |
| --- | --- | --- |
| 2025-10-09 20:09:47.0 PDT | Seattle WA | Welcome to Amazon. Please note that this call can be recorded for training and quality purpose. |
| 2025-10-09 20:09:59.0 PDT | Seattle WA | The current wait time to speak to an associate is about five minutes. We appreciate your patience for faster help use the Amazon app or website to visit the customer service home page where you can solve most issues. |
| 2025-10-09 20:10:14.6 PDT | Seattle WA | Your call is in queue and will be answered by the next available member of our team as soon as possible. |
| 2025-10-09 20:12:53.0 PDT | Seattle WA | Thank you so much for calling Amazon, my name is Rick. May I have your name please. |
| 2025-10-09 20:12:58.4 PDT | Devin Rose | Devon rose. |
| 2025-10-09 20:13:01.4 PDT | Seattle WA | Hi, Devin, how are you doing today? |
| 2025-10-09 20:13:03.8 PDT | Devin Rose | Good, how are you doing? |
| 2025-10-09 20:13:05.6 PDT | Seattle WA | I'm good. Thank you so much for asking. How can I help you? |
| 2025-10-09 20:13:09.2 PDT | Devin Rose | I just wanted to get a recap on the last call that I had regarding this item. |
| 2025-10-09 20:13:18.8 PDT | Seattle WA | Tell me the last four digit of the order number Devin, so that I can go ahead and I can check it from my end and I can get back to you with the property solution. |
| 2025-10-09 20:13:28.0 PDT | Devin Rose | Okay, it's the one that I initiated to call about. Let me, let me go back and see if it comes up. |
| 2025-10-09 20:13:38.8 PDT | Devin Rose | The last four digits of the order. |
| 2025-10-09 20:13:49.4 PDT | Seattle WA | Go ahead. |
| 2025-10-09 20:13:51.4 PDT | Devin Rose | You know, I don't see where it says the last four digits of the order. |
| 2025-10-09 20:13:58.4 PDT | Seattle WA | You could tell me the name of the item as well Devin. |
| 2025-10-09 20:14:03.4 PDT | Devin Rose | It was D-U-R and the U. red U-R-R-E-D modular sectional sofa. |
| 2025-10-09 20:14:13.4 PDT | Seattle WA | Okay, so tell me what problem you're having. |
| 2025-10-09 20:14:16.0 PDT | Devin Rose | And it was delivered June 10th. |
| 2025-10-09 20:14:20.0 PDT | Seattle WA | Yeah, I can see that. |
| 2025-10-09 20:14:22.0 PDT | Devin Rose | Can you just tell me what the, give me a brief recap of the previous call or notes regarding this item when I inquired. |

| | | |
|---|---|---|
| 2025-10-09 20:14:32.6 PDT | Seattle WA | Allow me a moment. Let me go ahead and pull it out. |
| 2025-10-09 20:14:37.0 PDT | Devin Rose | Okay. |
| 2025-10-09 20:14:44.6 PDT | Seattle WA | Okay. |
| 2025-10-09 20:14:49.4 PDT | Seattle WA | 82 the claim was filed then you've called on August 11th and Prout. Product damage defective. Then you have called on July 17th regarding this order promised. Yeah, I can. |
| 2025-10-09 20:15:08.8 PDT | Devin Rose | I just need the last call. Yeah, the, it was like probably a month ago, the last call, somewhere around there. |
| 2025-10-09 20:15:15.2 PDT | Seattle WA | On September 3rd yeah, I can see that. |
| 2025-10-09 20:15:19.0 PDT | Devin Rose | Can you just tell me what the notes were of that call or what the determination was of that call. |
| 2025-10-09 20:15:26.0 PDT | Seattle WA | Yeah. |
| 2025-10-09 20:15:29.0 PDT | Seattle WA | The claim was filed. |
| 2025-10-09 20:15:33.4 PDT | Devin Rose | Yeah, can you tell me what the reps notes were? |
| 2025-10-09 20:15:37.4 PDT | Seattle WA | There are no notes over there regarding the from the app representative. |
| 2025-10-09 20:15:43.6 PDT | Devin Rose | There's no notes. |
| 2025-10-09 20:15:46.4 PDT | Seattle WA | No. |
| 2025-10-09 20:15:48.4 PDT | Devin Rose | Ke, and is, is that uncommon or not typical to for a representative not to put the notes of the call? |
| 2025-10-09 20:15:58.4 PDT | Seattle WA | Like, it will take thirty seconds maximum two puts a note thirty seconds more not more than that. |
| 2025-10-09 20:16:06.4 PDT | Devin Rose | So, it's kind of strange that there's no notes. Correct? |
| 2025-10-09 20:16:12.2 PDT | Seattle WA | Absolutely. |
| 2025-10-09 20:16:14.8 PDT | Devin Rose | Okay, so I need to escalate this issue regarding this item. |
| 2025-10-09 20:16:20.0 PDT | Seattle WA | Sure. |
| 2025-10-09 20:16:22.0 PDT | Devin Rose | So the last, the last pre. |
| 2025-10-09 20:16:22.4 PDT | Seattle WA | No issues regarding the notes or regarding the item. |

| | | |
|---|---|---|
| 2025-10-09 20:16:26.2 PDT | Devin Rose | Both is the representative on that phone call, told me to that I could get rid of the item and donate it. He told me that the H-U-Z claim had been approved and that I would be receiving a full refund within a few days, so I even offered to you know, allow you guys to have a carrier come pick up the item to return it. He said that won't be necessary, you're welcome to get rid of it and donate it if you don't want it. So that's exactly what I did about one or two days later is I got rid of it and then I received a notification from Amazon saying that the claim had been denied due to the seller. |
| 2025-10-09 20:16:31.4 PDT | Seattle WA | Okay. |
| 2025-10-09 20:16:37.4 PDT | Seattle WA | Okay. |
| 2025-10-09 20:16:55.4 PDT | Seattle WA | Okay. |
| 2025-10-09 20:17:14.2 PDT | Devin Rose | But this representative told me to not communicate with the seller any further and that Amazon was approving the refund and to not worry and to just get rid of the item. |
| 2025-10-09 20:17:21.2 PDT | Seattle WA | Okay. |
| 2025-10-09 20:17:30.2 PDT | Seattle WA | I do apologize for the inconvenience cost to you. Allow me a moment Devin I'm simply going ahead and I'm documenting this, okay and if necessary I will be going ahead and I will be helping you out this matter. This is a serious issue. I do apologize for the inconvenience, just allow me some time, okay? |
| 2025-10-09 20:17:40.0 PDT | Devin Rose | Okay. |
| 2025-10-09 20:17:51.4 PDT | Devin Rose | Yeah, obviously, you can understand how bizarre it is to be told to get rid of an entire sofa and on the notion that you're going to get refunded and then just have it not ever come back to me. |
| 2025-10-09 20:17:55.4 PDT | Seattle WA | Alright. |
| 2025-10-09 20:17:57.8 PDT | Seattle WA | Yes. |
| 2025-10-09 20:18:04.4 PDT | Seattle WA | No issues just allow me some time, okay? Allow me a couple of minutes, alright. |
| 2025-10-09 20:18:10.0 PDT | Devin Rose | Okay. |
| 2025-10-09 20:18:12.2 PDT | Seattle WA | Thank you. I'm just putting your call on hold and I'll be right back within a couple of minutes. Alright? |
| 2025-10-09 20:18:18.4 PDT | Devin Rose | Okay. |

| | | |
|---|---|---|
| 2025-10-09 20:18:20.0 PDT | Seattle WA | Thank you. |
| 2025-10-09 20:20:10.4 PDT | Seattle WA | Thank you so much for being on line with me. I do really appreciate your time and patience Devin Devin, I've just checked did you and everything from my end, okay? Regarding escalating this issue being a customer level associate like I have some limitations, okay, so it might be possible that someone might afford me can do that. |
| 2025-10-09 20:20:19.0 PDT | Devin Rose | Mm-hmm. |
| 2025-10-09 20:20:29.2 PDT | Devin Rose | Okay. |
| 2025-10-09 20:20:35.8 PDT | Devin Rose | Okay. |
| 2025-10-09 20:20:38.6 PDT | Seattle WA | So, tell me what you want me to do now. |
| 2025-10-09 20:20:43.6 PDT | Devin Rose | I'm do a refund of the, of the item you guys told me to get rid of the item. I don't have a so, a sofa I don't have a couch. |
| 2025-10-09 20:20:55.4 PDT | Seattle WA | I do understand. |
| 2025-10-09 20:21:03.8 PDT | Seattle WA | So. |
| 2025-10-09 20:21:03.9 PDT | Devin Rose | It's what you guys told me so you guys can easily retrieve the call. |
| 2025-10-09 20:21:08.6 PDT | Seattle WA | No, no, no, like I'm not telling you. Yeah, I do understand Devin like you know, like I'm just a customer level, customer service associates, right? So basically like there are some limitations for me but it might be possible that someone, someone Avo me can do that. |
| 2025-10-09 20:21:13.5 PDT | Devin Rose | Yup. |
| 2025-10-09 20:21:19.5 PDT | Devin Rose | Mm-hmm. |
| 2025-10-09 20:21:33.6 PDT | Devin Rose | If you just want to tell your supervisor or your manager, your team director. Hey, the last rep told him in September that the claim had been approved and to get rid of the item that you're no longer communicate with the seller, and that's not what happened. |
| 2025-10-09 20:21:47.6 PDT | Seattle WA | Sure, see Devin I do apologize me and my supervisor here save resources but if you want I'm going ahead and I'm transferring your call to the supervisor for better assistance. Allow me a moment, okay. |
| 2025-10-09 20:22:02.4 PDT | Devin Rose | Oh, oh, okay. |

| | | |
|---|---|---|
| 2025-10-09 20:24:42.8 PDT | Seattle WA | Thank you so much for being on line with me Devin I do really appreciate your time and patience Devin, there is a small queue in the supervisor. So just allow me a couple of minutes. I'm going ahead and I'm explaining each and everything to the supervisor. I'm transferring your call to the supervisor, okay? Be best to sure we are gonna fix the problem, okay? I'm just putting your call on hold and don't hang up the call. Thank you. |
| 2025-10-09 20:24:50.2 PDT | Devin Rose | Okay. |
| 2025-10-09 20:24:55.0 PDT | Devin Rose | Okay. |
| 2025-10-09 20:25:00.4 PDT | Devin Rose | Okay, thanks. |
| 2025-10-09 20:25:04.0 PDT | Devin Rose | Okay, thank you. |
| 2025-10-09 20:25:07.6 PDT | Devin Rose | Okay, thank. |
| 2025-10-09 20:25:09.8 PDT | Seattle WA | Thank you. |
| 2025-10-09 20:27:04.4 PDT | Seattle WA | Hello. |
| 2025-10-09 20:30:17.4 PDT | Devin Rose | Hello. |
| 2025-10-09 20:30:20.4 PDT | Devin Rose | Sorry, can you speak a little louder please? |
| 2025-10-09 20:30:24.2 PDT | Seattle WA | Yes, my name is la. I'm one of the available supervisor. |
| 2025-10-09 20:30:28.2 PDT | Devin Rose | Mm-hmm. |
| 2025-10-09 20:30:30.2 PDT | Seattle WA | The agent told me that. |
| 2025-10-09 20:30:33.8 PDT | Seattle WA | Told me about your sofa but I don't see any kind of A. to the claim has been raised. |
| 2025-10-09 20:30:42.0 PDT | Devin Rose | Oh, really. Because, I literally have emails on it. |
| 2025-10-09 20:30:47.4 PDT | Devin Rose | So, how can you see that a A-T-Z claim hasn't been raised, when I literally have emails and notifications regarding the A-T-Z claim. |
| 2025-10-09 20:30:47.6 PDT | Seattle WA | Where is them, can you show me that? |
| 2025-10-09 20:30:57.2 PDT | Seattle WA | Can you share me that email? |
| 2025-10-09 20:31:01.2 PDT | Devin Rose | I guess. |

| | | |
|---|---|---|
| 2025-10-09 20:31:04.4 PDT | Seattle WA | I'm sharing you a. |
| 2025-10-09 20:31:07.4 PDT | Seattle WA | Email to kindly on that email reply to me. Okay? |
| 2025-10-09 20:31:14.4 PDT | Devin Rose | No. What do you mean? I, what do you mean real. Okay. I guess. |
| 2025-10-09 20:31:24.8 PDT | Seattle WA | Okay, I sent you the email, kindly reply to that email. Share me the eight to the email. Okay? |
| 2025-10-09 20:31:34.2 PDT | Devin Rose | Okay. |
| 2025-10-09 20:31:49.2 PDT | Devin Rose | Okay, I just sent it. |
| 2025-10-09 20:32:00.2 PDT | Seattle WA | Let me have a look. |
| 2025-10-09 20:32:24.2 PDT | Seattle WA | I don't see the email sir. |
| 2025-10-09 20:32:27.6 PDT | Devin Rose | I just responded to it. |
| 2025-10-09 20:32:32.0 PDT | Seattle WA | I don't see the email. |
| 2025-10-09 20:32:39.8 PDT | Seattle WA | I'm checking your email as well, I don't see any to the claim email. |
| 2025-10-09 20:32:45.6 PDT | Devin Rose | It's in the screenshot, I just sent you an, I just responded to your email. |
| 2025-10-09 20:32:51.6 PDT | Devin Rose | And I attached the screenshot. |
| 2025-10-09 20:33:01.2 PDT | Devin Rose | Lock beer L-A-K-H-B-I-R, right. |
| 2025-10-09 20:33:01.4 PDT | Seattle WA | Just stay connected. Let me look. |
| 2025-10-09 20:33:06.2 PDT | Seattle WA | Yes. |
| 2025-10-09 20:33:07.2 PDT | Devin Rose | Yeah I just responded to it. |
| 2025-10-09 20:33:11.0 PDT | Seattle WA | One moment. |
| 2025-10-09 20:33:14.6 PDT | Seattle WA | Yes, I got it now. |
| 2025-10-09 20:33:33.8 PDT | Seattle WA | Okay, I see that just a minute. Okay, let me have a look. |
| 2025-10-09 20:37:39.4 PDT | Devin Rose | Still here. Yeah, I'm still here. |
| 2025-10-09 20:37:48.8 PDT | Seattle WA | That since the to the claim has been. |

| | | |
|---|---|---|
| 2025-10-09 20:37:55.4 PDT | Seattle WA | Been sorry for all the Hu, you're going? |
| 2025-10-09 20:37:58.4 PDT | Seattle WA | Can understand that but the thing is that you have to, like, if you want to reclaim it then. |
| 2025-10-09 20:38:09.8 PDT | Seattle WA | You have to do it. Okay, you can reclaim that A. to the claim. |
| 2025-10-09 20:38:13.0 PDT | Devin Rose | Okay, so sorry. Just a safe time. I'm just gonna interrupt you. I don't think you know the history of the complaint. So like I told your last rep before he transferred me. Is your previous rep in September, told me that the AC claim was approved. Not only did he told me that he advised me to get rid and discard and donate the item which I did. So now you're telling me two different things. He told me I was gonna receive a refund, a full refund in just a few days and that never happened. |
| 2025-10-09 20:38:39.2 PDT | Seattle WA | Mm-hmm. |
| 2025-10-09 20:38:53.6 PDT | Seattle WA | Okay. Then in this case what I can do is that I can raise the support request from my manager's desk? Okay our team will review this and whatever is the outcome you will be. |
| 2025-10-09 20:39:02.2 PDT | Devin Rose | Mm-hmm. |
| 2025-10-09 20:39:07.6 PDT | Devin Rose | Well, let's just do this, let's just make, let's just speed things up. Can you tell me when that, when the last call was that I made to Amazon. |
| 2025-10-09 20:39:26.0 PDT | Seattle WA | Like a few, few minutes back. |
| 2025-10-09 20:39:28.6 PDT | Devin Rose | No, before today, prior to today what was the last call that I made? |
| 2025-10-09 20:39:41.0 PDT | Seattle WA | Right now, I cannot, it's not, it's impossible to save because I need to. |
| 2025-10-09 20:39:45.4 PDT | Devin Rose | Oh, it's not, it's not, it's. |
| 2025-10-09 20:39:52.6 PDT | Devin Rose | You can't see when the last time was that I called into Amazon. |
| 2025-10-09 20:39:53.0 PDT | Seattle WA | So the thing is that. |
| 2025-10-09 20:39:58.4 PDT | Seattle WA | I have to check everything. I have to check the pass history that will kill your time. But the thing is that the. |
| 2025-10-09 20:40:04.6 PDT | Devin Rose | Well, no, hold on. But the previous, the previous rep did it right away. He told me the exact date right away, when I asked him, I said can you tell me what the last date was that I called in Amazon. So, you're telling me that your previous rep who's below. You can do it but you can't. |

| | | |
|---|---|---|
| 2025-10-09 20:40:21.2 PDT | Seattle WA | I didn't say that I'm just saving your time because ultimately, I not I have to raise the support with. |
| 2025-10-09 20:40:23.8 PDT | Devin Rose | No, no. You said it was impossible, you said that's impossible was what you said. |
| 2025-10-09 20:40:32.0 PDT | Seattle WA | That's import because I want to save your time, and ultimately, I have to raise a support request like that there is no resolution. |
| 2025-10-09 20:40:37.0 PDT | Devin Rose | So, so yeah, let's just, let's, yeah, that's fine but just, can you, you can tell me what the last date was that I called? |
| 2025-10-09 20:40:48.8 PDT | Seattle WA | September 3rd. |
| 2025-10-09 20:40:50.8 PDT | Devin Rose | Okay, can you just go ahead and tell me the notes of that phone call? |
| 2025-10-09 20:40:59.0 PDT | Seattle WA | There are no specific notes written. |
| 2025-10-09 20:41:02.2 PDT | Devin Rose | So, what does it say? |
| 2025-10-09 20:41:10.4 PDT | Seattle WA | It says nothing but it has a call duration right now, I won't be able to. |
| 2025-10-09 20:41:14.8 PDT | Devin Rose | How long was the call duration? |
| 2025-10-09 20:41:20.0 PDT | Seattle WA | Twelve minutes. |
| 2025-10-09 20:41:20.2 PDT | Devin Rose | Oh, no, it's okay. I'll, I'll okay, I'll go ahead and wait and I'll let you go ahead and listen to that call. |
| 2025-10-09 20:41:26.0 PDT | Seattle WA | No, that is, that is impossible right now because if I have to listen to the, I have to hang up your call. |
| 2025-10-09 20:41:34.0 PDT | Devin Rose | Does it tell you what item it was regarding? |
| 2025-10-09 20:41:37.4 PDT | Seattle WA | Same item. |
| 2025-10-09 20:41:39.4 PDT | Devin Rose | Can you, can you specify which item that is. |
| 2025-10-09 20:41:42.8 PDT | Seattle WA | Sofa. |
| 2025-10-09 20:41:46.0 PDT | Devin Rose | Sorry. |
| 2025-10-09 20:41:48.8 PDT | Seattle WA | Sofa. |
| 2025-10-09 20:41:50.2 PDT | Devin Rose | The sofa. Right? Okay, so you're gonna listen to that call. You have the call to listen to, correct? |
| 2025-10-09 20:41:58.4 PDT | Seattle WA | Mm-hmm. |
| 2025-10-09 20:42:00.4 PDT | Devin Rose | Is that a yes or no? |

| 2025-10-09 20:42:03.2 PDT | Seattle WA | Yes, but not right now. |
|---|---|---|
| 2025-10-09 20:42:05.8 PDT | Devin Rose | Okay, and, and, and you can't just put me on hold like you did a few minutes ago and listen to the call. |
| 2025-10-09 20:42:12.2 PDT | Seattle WA | No, no, no, that's not gonna happen. |
| 2025-10-09 20:42:16.0 PDT | Devin Rose | And, and why is that? |
| 2025-10-09 20:42:22.6 PDT | Devin Rose | Cause I've never, I've not been, I've never been I've been on, I've now been on the phone with you guys for 32 minutes. So now you're telling me that we have to push back resolution of this when you could just listen to the call right now. |
| 2025-10-09 20:42:23.0 PDT | Seattle WA | Sir on the same call out. |
| 2025-10-09 20:42:32.6 PDT | Seattle WA | Yeah. |
| 2025-10-09 20:42:41.6 PDT | Seattle WA | No, we don't like we can't listen to the calls while we're on the call, live call. |
| 2025-10-09 20:42:48.4 PDT | Devin Rose | Well, I'll just, I'll just be on hold you just put me on hold a minute ago. |
| 2025-10-09 20:42:53.6 PDT | Seattle WA | That doesn't matter, sir. |
| 2025-10-09 20:42:56.8 PDT | Devin Rose | Okay. So when can I expect to hear back on this? |
| 2025-10-09 20:43:04.4 PDT | Seattle WA | Maybe after two days. |
| 2025-10-09 20:43:07.0 PDT | Devin Rose | Two days. |
| 2025-10-09 20:43:11.2 PDT | Devin Rose | What's now been a month in seven days since it was September 3rd. So, now I have to wait two more days. So nothing's been done in almost a month and a half regarding this and I'll have to wait two more days. |
| 2025-10-09 20:43:27.2 PDT | Seattle WA | Absolutely! You have to because I will be, I will be raising a support request that will take time. |
| 2025-10-09 20:43:28.0 PDT | Devin Rose | Okay. |
| 2025-10-09 20:43:34.0 PDT | Devin Rose | Okay, so, if you could send me an email and you know I have your name and I'm going to be referencing this call if I have to call back in the future so. |
| 2025-10-09 20:43:42.8 PDT | Seattle WA | You don't have to call us back. I'll be I'll be calling you. |
| 2025-10-09 20:43:47.2 PDT | Devin Rose | Okay, I'll look for your call. Thank you. |

| | | |
|---|---|---|
| 2025-10-09 20:43:50.6 PDT | Seattle WA | Just stay on the call while I raise the support request. |
| 2025-10-09 20:47:18.0 PDT | Devin Rose | Yeah I'm not gonna be on hold for this way you can put me, you could have just put me on hold for the call you know seven doing this. |
| 2025-10-09 20:47:27.8 PDT | Seattle WA | I'm almost done. I'm just sending you the email. |
| 2025-10-09 20:47:31.8 PDT | Devin Rose | Okay, and do I need to be on the phone for that? |
| 2025-10-09 20:47:35.6 PDT | Seattle WA | Yes. |
| 2025-10-09 20:47:36.6 PDT | Devin Rose | Why? |
| 2025-10-09 20:47:39.8 PDT | Seattle WA | Well, if you hung up I won't be able to do that. |
| 2025-10-09 20:47:57.8 PDT | Seattle WA | Okay, I have raised the support request and I had sent you the email. Kindly wait for the update. Okay, I will be calling you and giving you the update after two days. |
| 2025-10-09 20:48:12.6 PDT | Devin Rose | Okay, all of your call. Thank you. |
| 2025-10-09 20:48:16.4 PDT | Seattle WA | Thank you and thank you for calling Amazon. Take care. Bye-bye. |

## Exhibit 4

**From:**      Amazon.com Customer Service
**To:**        ███████████
**Subject:**   A Message from Amazon Customer Service
**Date:**      Thursday, October 9, 2025 8:48:15 PM

Your Account | Amazon.com



## Message From Customer Service

Hello ,

Item name : URRED Modular Sectional Sofa Comfy Cloud Couch, Modern Chenille Sofa Sleeper Deep Seat Couches with Ottoman/Pillows for Living Room (Blue, 82.6"- L Shape)

raised a support request for the refund  from my manager's desk , kindly wait 48-72hrs  for the update and i have took a follow up to call back and give you the update .

Best regards,
Lakhbir - Amazon Leadership Team

**Amazon.com**

**From:**      Devin Rose
**To:**        cs-reply+A2LPR6FIDTK8GH@amazon.com
**Subject:**   RE: A Message from Amazon Customer Service
**Date:**      Wednesday, October 15, 2025 3:17:24 PM

I still have not received a reply.

Devin Rose

███████████

**From:** Devin Rose < ██████████████████ >
**Sent:** Thursday, October 9, 2025 8:32 PM
**To:** cs-reply+A2LPR6FIDTK8GH@amazon.com
**Subject:** Re: A Message from Amazon Customer Service

Devin Rose

███████████

**From:** Amazon.com Customer Service <cs-reply@amazon.com>
**Sent:** Thursday, October 9, 2025 8:31 PM
**To:** ████████████████████████████
**Subject:** A Message from Amazon Customer Service

Your Account | Amazon.com



## Message From Customer Service

share the email of a to z claim

Best regards,
Lakhbir - Amazon Leadership Team
**Amazon.com**